IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEANNINE HERBERT,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | |
| : | **14-2599** |
| **THE PRUDENTIAL INSURANCE** : | |
| **COMPANY OF AMERICA,** : | |
| : | |
| **Defendants.** : | |

## MEMORANDUM

**STENGEL, J.**                                                                                                                   **August 21, 2014**

Jeanine Herbert filed this ERISA action to recover benefits due to her under an employee benefit plan administered by Prudential Insurance Company of America. Currently pending is Ms. Herbert motion for partial summary judgment arguing that the *de novo* standard of review should apply to her case. Since the plan documents do not include terms which grant Prudential discretion, I will grant Ms. Herbert's motion. Ms. Herbert also requests limited discovery into Prudential's conflict of interest in the claims handling process. Evidence of plan administrator bias is irrelevant when reviewing an administrator's denial of benefits *de novo*. Therefore, I will deny Ms. Herbert's request for discovery.

**I.    BACKGROUND**

Ms. Herbert was employed at PHH Corporation as a driver consultant. Compl. ¶ 5. PHH sponsored a long-term disability plan covered by ERISA. Id. ¶ 6. PHH purchased an insurance policy from Prudential Insurance Company of America to fund the plan. Id. ¶

7. Prudential administers the plan and pays benefits for the plan. Id. Ms. Herbert filed a claim for long term disability benefits on or around May 4, 2012. Id. ¶ 13, 15. Prudential denied Ms. Herbert's application for long term disability on November 2, 2012. Id. ¶ 18. Prudential affirmed its decision following two subsequent appeals. Id. ¶ 25, 34. As this partial motion for summary judgment only addresses the standard of review, it is unnecessary to discuss the particular issues of Ms. Herbert's health and Prudential's reasoning for denying the claim.

## II.     STANDARD OF REVIEW

When an ERISA plaintiff files a motion to determine the standard of review, "the plan administrator bears the burden of proving that the arbitrary and capricious standard of review applies." Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011) (citing Kinstler v. First Reliance Std. Life Ins. Co., 181 F.3d 243, 249 (2d Cir.1999)). An administrator's decision to deny benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "To be insulated from *de novo* review, a plan must communicate the idea that the administrator not only has broad-ranging authority to assess compliance with pre-existing criteria, but also has the power to interpret the rules, to implement the rules, and even to change them entirely." Viera, 642 F.3d at 417. Therefore, the administrator must identify the specific terms in the plan documents which confer discretion.

**III.   DISCUSSION**

Prudential points to several statements in the plan documents which Prudential asserts grant discretion, but I do not find that any of the statements, individually or taken as a whole, put the beneficiary on notice of the broad ranging authority which Prudential wishes to assert.

First, the Group Insurance Certificate states that the plan administrator "may request proof of continuing disability satisfactory to Prudential." Def. Resp. Ex. 1, doc. no. 13-1, 51.[1] The Viera court directly dealt with "satisfactory to [plan administrator]" language and found that the term did not "convey enough information to permit an insured to distinguish between plans that do and plans that do not confer discretion on the administrator." 642 F.3d at 417 (citations omitted). Accordingly, this term does not entitle Prudential to abuse of discretion review.

Next, the group insurance certificate provides, "you are disabled when Prudential determines …." Def. Resp. Ex. 1, 30. As the Seventh Circuit has noted, the fact that a plan administrator must determine who is eligible for benefits is a "truism [that] implies nothing one way or the other about the scope of judicial review of [the beneficiaries] determination." Herzberger v. Standard Ins. Co., 205 F.3d 327, 332 (7th Cir. 2000). The Second and Fourth Circuits have reached the same conclusion. Woods v. Prudential Ins. Co. of Am., 528 F.3d 320, 323 (4th Cir. 2008); Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 109 (2d Cir. 2005). Considering that the Viera Court specifically adopted the

---

[1] The certificate also include similar language on page 39 stating, "We will stop sending you payments and your claim will end on … the date you fail to submit proof of continuing disability satisfactory to Prudential."

3

reasoning of the Herzberger court, I believe the Third Circuit would also find the term "when Prudential determines" is insufficient to confer discretion. 642 F.3d at 415, 417. I note that my conclusion is in accord with several courts of this district. White v. Prudential Ins. Co. of Am., 908 F. Supp. 2d 618, 626 (E.D. Pa. 2012); Orantes v. CNH Grp. Ins. Plan, 10-CV-7215, 2011 WL 1376069 (E.D. Pa. Apr. 12, 2011); Farina v. Temple Univ. Health Sys. Long Term Disability Plan, 8-CV-2473, 2009 WL 1172705 (E.D.Pa. Apr. 27, 2009); Elms v. Prudential Ins. Co. of Am., 6-CV-5127, 2008 WL 4444269 (E.D. Pa. Oct. 2, 2008).

Third, the Group Insurance Contract states, "If the provisions of the Group Contract do not conform to the requirements of any state or federal law or regulation that applies to the Group Contract, the Group Contract is automatically changed to conform with Prudential's interpretation of the requirements of that law or regulation." Def. Resp. Ex. 2, doc. no. 13-2, 8. This statement does not inform the beneficiary that Prudential has unlimited discretion to "interpret the rules, to implement the rules, and even to change them entirely." Viera, 642 F.3d at 417. Rather, this statement clearly limits Prudential's discretion to revise the plan document to times when the contract does not conform to state or federal law or regulation.

Finally, Prudential invites me to consider discretionary language[2] in the employer drafted summary plan description (SPD). However, the Supreme Court has found that the

---

[2] The employer drafted SPD instructs the beneficiary, "any questions about Plan coverage – including these terms – will be answered by the Claims Administrator, that has full discretionary authority to use its own materials, procedures and expertise to define these terms." Clearly, this is very strong language which would tip the balance in Prudential's favor if it were included in a plan document.

4

terms in the SPD, "do not themselves constitute the terms of the plan." CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878 (2011). I reject Prudential's premise that terms of the SPD can clarify ambiguous terms in the plan documents, where as here, there are two conflicting SPDs. The employer drafted SPD includes discretionary language, but Prudential's SPD does not. *Compare* Def. Resp. Ex. 4, 80 *with* Def. Resp. Ex. 1, 60-65. Additionally, Prudential's theory is inconsistent with Third Circuit precedent. [3] Therefore, the SPD does not grant discretion. As no other language in the plan documents confer discretion to Prudential, I will grant Ms. Herbert's motion for summary judgment.

Ms. Herbert also requests limited discovery into Prudential's conflict of interest. The general rule in ERISA benefit determination challenges is that the court is limited to reviewing the record available to the plan administrator at the time the benefits determination was made. *See, e.g.*, Carney v. International Brotherhood of Elec. Workers, 66 F. App'x 381, 385 (3d Cir.2003); Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir.1997). However, a court may also "consider evidence of potential biases and conflicts of interest that is not found in the administrator's record." Howley v. Mellon Financial Corp., 625 F.3d 788, 793 (3d Cir.2010) (quotation marks and citations omitted). Where a defendant both evaluates claims for benefits and funds the benefits there is a presumed conflict of interest. Metropolitan Life Insurance v. Glenn, 554 U.S. 105, 114–

---

[3] Prudential relies on Prezioso v. Prudential Insurance Company of America for the premise that I may consult the SPD. 748 F.3d 797 (8th Cir. 2014). Prezioso relied on Eighth Circuit precedent that "satisfactory to Prudential" was sufficient to confer discretion on the plan administrator. Id. at 803. Therefore, the Prezioso Court found it was permissible to refer to "SPD language clarifying a plan's arguably ambiguous grant of discretion." Id. at 804. In the Third Circuit, the same logic does not apply, because "satisfactory to Prudential" does not confer discretion. Viera, 642 F.3d at 417. Accordingly, there is no "arguably ambiguous" language to clarify.

15, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008); Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir.2009).

Since I will review the denial of benefits *de novo*, conflict of interest discovery is unnecessary. "[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 957, 103 L. Ed. 2d 80 (1989) (citing Restatement (Second) of Trusts § 187, Comment d (1959)). However, when reviewing an ERISA claim under a *de novo* standard, the plan administrator's bias is irrelevant because the court reviews the record and the plan to determine whether the insured was entitled to benefits without any deference or regard for the administrator's determination. As such, inquiry into Prudential's bias would not lead to any relevant evidence in this case.

**IV    CONCLUSION**

The long term disability policy at issue does not include terms granting the plan administrator discretion. Therefore, I will grant Ms. Herbert's motion for partial summary judgment, and I will review Prudential's denial of benefits *de novo*. As a consequence, I will deny Ms. Herbert's request for discovery because evidence of Prudential's bias is irrelevant to my *de novo* consideration of Ms. Herbert's eligibility for benefits.

An appropriate order follows.